**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L. Rodrigues, | No. CV 16-08272-PHX-DGC (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Anthony L. Rodrigues, who is currently confined in the Red Rock Correctional Center in Eloy, Arizona, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order.[1] (Doc. 58.)

**I.     Background.**

In his six-Count First Amended Complaint (FAC), Plaintiff named as Defendants Arizona Department of Corrections (ADC) Director Charles Ryan; ADC Contract Bed Bureau Director Tara R. Diaz; Management Training Corporation (MTC), which operated the Arizona State Prison (ASP)-Kingman when Plaintiff was housed there in July 2015; former ASP-Kingman Warden Pamela Rider; former ASP-Kingman Deputy Warden Hector Santiago; former ASP-Kingman Associate Deputy Warden Shahana Frederick; and former ASP-Kingman Chief of Security James Winkler. (Doc. 20 at 2-3.)

---

[1] The Court will address Defendants' pending Motion to Dismiss (Doc. 24) and Plaintiff's Motion to Amend (Doc. 56) by separate orders.

Plaintiff's claims arise from a riot that took place at the ASP-Kingman facility in early July 2015. (*Id*. at 8.) Plaintiff alleges generally that Defendants, through a lack of training, oversight and staffing, and in order to save costs, allowed the prison to devolve to the point where a riot broke out. Plaintiff was injured when prison personnel responded to the riot, even though Plaintiff did not participate in the riot. (*Id*. at 8-15.) After the riot, Plaintiff was transferred to the Red Rock Correctional Center in Eloy, Arizona.[2] (*Id*. at 17.)

On screening of Plaintiff's FAC pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment threat-to-safety claim in Count Two and ordered Defendants Ryan, Rider, Santiago, Diaz, Winkler, and Frederick to answer that claim. (Doc. 27 (adopting Doc. 22, Magistrate Judge's Report and Recommendation).) The Court also determined that Plaintiff stated a negligence claim under Arizona law in Count Three and ordered Defendants MTC, Washington, Rider, Santiago, Diaz, Winkler, and Frederick to answer that claim and for MTC to answer the negligent training claim in Count Three. (*Id*.) The Court dismissed the remaining claims. (*Id*.)

## II. Plaintiff's Request for Injunctive Relief.

Plaintiff seeks injunctive relief to prevent Ryan and "Defendants' Agent, Employee, Appointee or Representative from eng[]aging in any conduct, directly or indirectly, intended to harass, threaten, intimidate, discourage or obstruct any person, party or witness from providing the Plaintiff material support in the form of witness statements, declarations and written affidavits." (Doc. 58 at 1-2.) Plaintiff alleges that there is a "longstanding, unwritten" policy within the ADC to retaliate against persons in ADC custody "to discourage[e] individuals from supporting or pursuing valid legal claims against [ADC] employees, agents, private prison contractors and representatives[,]

---

[2] Red Rock Correctional Center is a medium-custody private prison under contract with the ADC since January 2014 and is operated and managed by CoreCivic, Inc. *See* https://corrections.az.gov/location/112/red-rock-correctional-center (last visited Nov. 1, 2017).

which is having a chilling effect on Plaintiff's ability to obtain and secure written statements, declarations and affidavits from present and former AD[]C inmates incarcerated at ASP[]-Kingman during the relevant time per period . . . ." (*Id*. at 2.)

In a Memorandum of Points and Authorities, Plaintiff elaborates that "Defendants' obstructionism continues to manifest itself . . . as Plaintiff seeks to develop a reasonable discovery strategy which includes the Plaintiff's ability to view records, documents and tangible things on compact disk . . . ." (Doc. 59 at 2-3.) Plaintiff claims that Defendants are "obstructing" his ability to access federal case law and to communicate with "similarly situated persons" to support his claims. (*Id*. at 3.) He claims that without the Court's intervention, Defendants' "pattern of obstructionism . . . will likely continue to have a chilling effect on Plaintiff's constitutionally protected right to the most basic and fundamental principles of due process and equal protection of the law." (*Id*.) He asserts that "Defendants individually, collectively and by and through their [illegible] continue to demonstrate a pattern of retaliatory conduct in a[n] effort to discourage or obstruct the Plaintiff or similarly situated individuals from pursuing claims against ADOC or its private prison contractor [MTC] dating back to July 2015." (*Id*. at 4.)

Defendants respond that Plaintiff's Motion should be denied because the relief Plaintiff seeks is unrelated to the claims in this lawsuit, Plaintiff has not established that any of the Defendants retaliated against him or impeded his access to the courts, and because Plaintiff cannot establish irreparable harm in the absence of the requested injunction. (Doc. 63 at 1.)

### III. Legal Standard

Because Defendants received notice of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, the Court will treat it as a Motion for a Preliminary Injunction. *See* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (3d ed. April 2017 update) ("[w]hen the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary

injunction and the proceeding is not subject to any special requirements"); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a temporary restraining order is "substantially identical" to the standard for a preliminary injunction).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). In addition, a party seeking preliminary injunctive relief must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

## IV. Discussion

The Court will deny Plaintiff's Motion for several reasons. First, other than Defendant Ryan, it is not clear what form of injunctive relief Plaintiff seeks or against whom he seeks it. Second, Plaintiff is no longer in a prison operated by Defendant MTC. To the extent Plaintiff seeks injunctive relief against individuals employed at the Red Rock Correctional Center who are not parties in this action, Plaintiff has not presented any facts showing that those individuals are acting in concert with a named Defendant. Thus, it is not clear from the minimal facts presented that the Court has jurisdiction over

the individuals who can grant relief.[3] *See Zepeda*, 753 F.2d at 727. Third, Plaintiff's vague and conclusory allegations of retaliation and obstructionism fail to show that he faces irreparable harm absent the requested relief.

Moreover, Plaintiff offers no support beyond his own unsworn statements for the facts alleged. A motion for preliminary injunction, including the likelihood of irreparable injury, must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." *Fidelity Nat'l Title Ins. Co. v. Castle*, No. C 11-0896 SI, 2011 WL 5882878, at *3 (N.D. Cal. 2011) (internal citation omitted). Affidavits are appropriate on a motion for a preliminary injunction if they are based on personal knowledge and "state the facts supporting the litigant's position clearly and specifically." 11A Charles A. Wright, Arthur K. Miller & Mary K. Kane, Federal Practice and Procedure § 2949 (3d ed. April 2017 update); *see Ross-Whitney Corp. v. Smith Kline & French Labs.*, 207 F.2d 190, 198 (9th Cir. 1953) (a preliminary injunction may be granted on affidavits). Finally, even assuming Plaintiff could correct these deficiencies with sworn affidavits or other documentary evidence to support his allegations of irreparable harm, it is not clear that Plaintiff's request for injunctive relief is related to his current claims before the Court. *See Pac. Radiation*, 810 F.3d at 636.

Plaintiff presents affidavits from other inmates with his Reply, but those affidavits contain vague and conclusory concerns about possible retaliation for presenting evidence about the ASP-Kingman riot; they do not provide any specific instances of retaliation, and Plaintiff does not present his own affidavit. (*See, e.g.*, Doc. 65 at 17; Doc. 65-1 at 3, 11, 20; Doc. 65-2 at 3, 7, 10.) Moreover, the Court will not consider affidavits submitted for the first time with a reply memorandum. *Delgadillo v. Woodford*, 527 F.3d 919, 930 n. 4 (9th Cir. 2008); *Taser Intern., Inc. v. Stinger Systems, Inc.*, 705F.Supp.2d 1115, 1127-28 (D. Ariz. Mar. 31, 2010).

---

[3] Plaintiff's assertion in his Reply that he makes "no distinction" between CoreCivic, MTC, "or the applicable ADOC policies" fails to show that any named Defendant in this action is acting in concert with individuals at the Red Rock Correctional Center, which is managed by CoreCivic. (*See* Doc. 65 at 2.)

In summary, Plaintiff's allegations of irreparable harm are too vague and unsupported to meet the standards for granting a preliminary injunction. Further, it is not clear on the facts presented that the requested relief is related to the claims in this action or that the Court has jurisdiction over individuals capable of providing relief.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 58).

(2) Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 58) is **denied**.

Dated this 3rd day of November, 2017.

_____
David G. Campbell
United States District Judge