MGD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L. Rodrigues, | No. CV 16-08272-PCT-DGC (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Anthony L. Rodrigues, who is currently confined in the Red Rock Correctional Center in Eloy, Arizona, brought this case pursuant to 42 U.S.C. § 1983 and Arizona state law. Defendants Ryan, Diaz, Rider, Winkler, and Santiago have filed a Motion to Dismiss for failure to state a claim and for failure to exhaust administrative remedies, and Plaintiff opposes the Motion. (Docs. 24, 39.) Defendants Washington and Management & Training Corporation (MTC) join in the Motion to Dismiss. (Doc. 53.) For the following reasons, Defendants' Motion to Dismiss is granted in part and denied in part.

**I.    Background**

In his First Amended Complaint (FAC), Plaintiff alleged that in July 2015, Defendants allowed the Arizona State Prison (ASP)-Kingman, where he was housed, to devolve to the point where a riot broke out. Plaintiff was injured in the riot even though

he did not participate in it.[1] (Doc. 20 at 8-15.) Shortly after the riot, Plaintiff was transferred to the Red Rock Correctional Center. (*Id.* at 17.) Plaintiff seeks "declaratory/injunctive relief," damages, attorney's fees, and costs. (*Id.* at 36.)

In a May 16, 2017 Report and Recommendation (R&R), Magistrate Judge Willett screened Plaintiff's FAC and recommended that the Court dismiss Counts One, Four, Five and Six, that Defendants Ryan, Rider, Santiago, Diaz, Winkler, and Frederick be required to answer the Eighth Amendment threat-to-safety claim in Count Two, that Defendants MTC, Washington, Rider, Santiago, Diaz, Winkler, and Frederick be required to answer the negligence claim in Count Three, and that Defendant MTC be required to answer the negligent training claim in Count Three.[2] (Doc. 22 at 11.) In a June 9, 2017 Order, the Court accepted the R&R and required the Defendants to answer the claims against them as set forth in the R&R. (Doc. 27.)

Before the Court adopted the R&R, Defendants filed the pending Motion to Dismiss. (Docs. 24, 53.) Although Defendants' Motion to Dismiss was premature, the Motion is now fully briefed and Plaintiff was additionally permitted to file a sur-reply. Therefore, the Court will consider the merits of the Motion.

## II. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quotation omitted). Where the plaintiff is a pro se prisoner, the court must "construe the

---

[1] At the time of the riot, the ASP-Kingman was run by MTC. (Doc. 20 at 4.)

[2] Defendant Ryan is the Director of the Arizona Department of Corrections (ADC) and Defendant Diaz is the ADC Contract Bed Bureau Director. (Doc. 20 at 2.) They are the only ADC employees sued by Plaintiff. The other Defendants are MTC and current or former MTC employees.

pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

## III. Discussion

### A. Exhaustion

Defendants argue first that Plaintiff cannot recover for his alleged personal injuries because he did not exhaust his administrative remedies. (Doc. 24 at 3.) Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

In a limited number of cases, the failure to exhaust may be clear from the face of the complaint, but "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *see Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense and a prisoner is not required to plead or demonstrate exhaustion in

the complaint). In the rare case where failure to exhaust is clear from the face of the complaint, the defendant may move to dismiss under Rule 12(b)(6). *Albino*, 747 F.3d at 1169. To properly be considered on a Rule 12(b)(6) motion, the nonexhaustion defense must raise no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirmative defense may be raised by motion to dismiss only if "the defense raises no disputed issues of fact"). Typically, to show that a prisoner has failed to exhaust remedies, a defendant will have to present probative evidence on a motion for summary judgment under Rule 56. *Albino*, 747 F.3d at 1169.

Here, the Court cannot conclude from the face of the FAC that administrative remedies were made available to Plaintiff and that he failed to exhaust them. Plaintiff merely checked the boxes on the complaint form indicating that he had appealed his allegations in Counts Two and Three to the highest level. (*See* Doc. 20 at 19, 25.) In support of their Motion, Defendants have included grievance documents which they argue show that Plaintiff did not fully exhaust his claims. (Doc. 24 at 4; 24-1 at 2-7 (Defs.' Ex. 1).) But the Court cannot consider these documents without going beyond the face of the FAC. This is not permitted on a Rule 12(b)(6) motion for non-exhaustion. *See Albino*, 747 F.3d at 1169. At this early stage of the litigation, the Court declines to convert Defendants' Motion to Dismiss into a summary judgment motion.[3]

Defendants' Motion to Dismiss based on failure to exhaust will be denied. Defendants may renew their exhaustion argument in a properly supported summary judgment motion.

### B. Eighth Amendment Official Capacity Claims

Defendants argue that the Court should dismiss Plaintiff's Eighth Amendment official capacity claims against Ryan and Diaz because they are not persons "chargeable under section 1983." (Doc. 24 at 5.) The FAC does not say whether Plaintiff is suing

---

[3] Defendants' citation to *Finkle v. Ryan*, 174 F. Supp. 3d 1174, 1189 (D. Ariz. 2016), is without merit because the exhaustion issue in *Finkle* was decided at the summary judgment stage, not on a motion to dismiss.

- 4 -

1  Ryan and Diaz in their official or individual capacities, or both. To the extent Plaintiff is
2  suing Ryan and Diaz in their official capacities, the Court will dismiss those claims.

3  An official capacity suit is generally "another way of pleading an action against an entity of which an officer is an agent." *Pistor v. Garcia*, 791 F.3d 1104, 1113-14 (9th Cir. 2015). In this case, the entity would be the ADC. Actions against a state or state agency are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A plaintiff can, however, bring a suit for injunctive relief against a state official acting in his official capacity. *See id*. at 71 n.10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (citing *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985)).

Although Plaintiff requests "declaratory/injunctive relief" in his FAC, Plaintiff does not say what form of injunctive relief he seeks. Plaintiff does not assert in his Response to Defendants' Motion that he is seeking injunctive relief and he did not respond at all to Defendants' argument that the official capacity claims against Ryan and Diaz should be dismissed. Plaintiff's claims in Counts Two and Three relate to events in the past at a prison where he is no longer housed. Thus, it is not clear what injunctive relief would be possible with respect to those claims. Accordingly, the Court will grant Defendants' Motion to Dismiss the official capacity claims against Ryan and Diaz.

**C.    Eighth Amendment Individual Capacity Claims**

Defendants argue that the Court should dismiss Plaintiff's Eighth Amendment claims against Ryan and Diaz in their individual capacities because Plaintiff has not plausibly alleged personal participation by Ryan and Diaz.

A Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the Court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond. The standard for dismissal under Rule 12(b)(6) is identical to the standard under 28 U.S.C. § 1915A(b). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss should be

granted only if the defendants can convince the Court that reconsideration is appropriate. Reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court screened the FAC and determined that its allegations sufficiently stated Eighth Amendment claims for relief against Ryan and Diaz. (Docs. 22, 27.) Defendants present nothing that warrants reconsideration of the Screening Order. *See School Dist. No. 1J*, 5 F.3d at 1263. The Court will deny Defendants' Motion to Dismiss the individual capacity claims against Ryan and Diaz.

### D. State Law Tort Claims Against State Employees

Defendants argue that the Court should dismiss the negligence claim against Diaz because Arizona law does not permit tort claims against state employees.[4] (Doc. 24 at 6.) Arizona law provides that "[a]ny and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." A.R.S. § 31-201.01(F).

Plaintiff does not address Defendants' argument in his Response, and he does not allege in his FAC that Diaz was not acting within the scope of her legal duties when she allegedly committed the tort. Therefore, Plaintiff's state law tort claim against Diaz is barred by A.R.S. § 31-201.01(F).

Nor is it possible for Plaintiff to amend his complaint to allege state law tort claims against the State of Arizona. Under the Eleventh Amendment, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

---

[4] Defendants assert that Plaintiff did not allege any common law claims against Ryan, but in the event the Court determines that common law claims are being asserted against Ryan, then this argument applies to Ryan. (Doc. 24 at 5 n.3.) The Court agrees that this argument and the Court's analysis would apply to Ryan as well, if there were state law claims against him.

Cir. 1989). Although § 31-201.01(F) amounts to a waiver of Arizona's immunity from suit *in its own courts*, the Supreme Court "consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst.* 465 U.S. at 99 n. 9. Courts should find waiver of a State's Eleventh Amendment immunity "only where stated 'by the most express language or by such overwhelming implications from the text as []will[] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). "[A] waiver of sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Sossaman v. Texas*, 563 U.S. 277, 285 (2011) (internal quotation omitted).

Section 31-201.01(F) contains no express language regarding Arizona's consent to suit in federal courts and does not overwhelmingly imply that Eleventh Amendment immunity has been waived. *See Mach v. Arizona*, No. CV 11-1734-PHX-DGC (MEA), 2011 WL 4101159, at *3 (D. Ariz. Sept. 8, 2011) (finding that the state may not be sued in federal court pursuant to Arizona Revised Statutes section 31-201.01(F)). Accordingly, the Court will grant Defendants' Motion to Dismiss the state law negligence claim against Diaz. Because the Court is dismissing the state law tort claims against Diaz under § 31-201.01, the Court need not address Defendants' arguments that Plaintiff's state law claims against Diaz should be dismissed because for failure to comply with the applicable statute of limitations and Arizona's Notice of Claim statute, or because Ryan and Diaz are entitled to qualified immunity under A.R.S. § 12-820.02.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 24).

(2) Defendants' Motion to Dismiss (Doc. 24) is **granted in part and denied in part.** The Motion is **granted** as to Plaintiff's Eighth Amendment official capacity claims against Ryan and Diaz and Plaintiff's negligence claim against Diaz in Count Three. The Motion is **denied** in all other respects.

Dated this 6th day of December, 2017.

David G. Campbell
United States District Judge