WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L Rodrigues,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-16-08272-PCT-DGC (ESW)<br><br>**ORDER** |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 89, 94, 101, 104, 108, 120, 124).

## **I. DISCUSSION**

**A. Plaintiff's "Notice and Motion to Compel Answer to First Amended Complaint" (Doc. 101)**

On January 8, 2018, Plaintiff moved for an order requiring Defendants to answer Plaintiff's First Amended Complaint. (Doc. 101). The Motion will be denied as the Court granted Plaintiff's request for leave to file a Second Amended Complaint (Doc. 99). (Doc. 98). The undersigned has screened the Second Amended Complaint in a Report and Recommendation that is currently pending before the District Judge. (Doc. 103).

**B. Plaintiff's "Motion to Stay Defendants' Motion for Summary Judgment and Request for Court Order" (Doc. 104);
Plaintiff's "Notice and Motion to Compel Production and Renewed Request for Order of Protection" (Doc. 89); and
Defendants' "Motion to Quash Plaintiff's Subpoenas" (Docs. 94)**

On January 2, 2018, Defendants filed a Motion for Summary Judgment (Doc. 91). Defendants concede that Plaintiff exhausted his administrative remedies with respect to a property loss claim that the Court dismissed. (Doc. 7 at 6-7; Doc. 91 at 13). Defendants argue that Plaintiff failed to exhaust his administrative remedies as to the remaining threat-to-safety, negligence, and negligent training claims. (Doc. 91 at 13). The Court has stayed all discovery unrelated to the exhaustion issue pending the Court's ruling on Defendants' Motion for Summary Judgment (Doc. 91). (Doc. 109).

On January 11, 2018, Plaintiff moved to stay the Motion for Summary Judgment on the following grounds:
> Defendants' [sic] have not filed a [sic] Answer to Plaintiff's First Amended Complaint and Plaintiff has not had sufficient opportunity to conduct discovery of records, documents and information in the possession of the Defendants' [sic] and unnamed third parties evidencing Defendants' efforts to frustrate, impede, obstruct or create unnecessary and unreasonable barriers to Plaintiffs [sic] and other similarly situated individuals exhaustion of ADOC administrative remedies . . . .

(Doc. 104 at 1). Prior to filing the Motion to Stay (Doc. 104), Plaintiff filed a "Notice and Motion to Compel Production and Renewed Request for Order of Protection" (Doc. 89). Plaintiff states that he served a subpoena duces tecum on Correctional Officer III ("CO III") T. McNamer that commanded production of documents regarding "the processing and handling of ADOC inmate ASPC Kingman riot related informal/formal request for administrative remedies, including monthly statistical report/summary for the period beginning July 2015 through December 2015." (*Id.* at 1-2). Plaintiff requests that the Court order CO III McNamer to show cause why CO III McNamer should not be held

in contempt for failure to comply with the subpoena duces tecum. (*Id.* at 3-4).[1] Defendants move to quash the subpoena served on CO III McNamer. (Doc. 94). Defendants also move to quash the subpoenas duces tecum that Plaintiff purportedly served on Arizona Department of Corrections ("ADOC") Division Director Joe Profiri, ADOC Deputy Director Jeff Hood, ADOC Inspector General Greg Lauchner, and Governor Doug Ducey. (*Id.*). As recounted by Defendants:

> The subpoena to ADC Division Director Profiri demands production of "Any and all electronic/written communications/correspondence, investigative reports, written summaries, memoranda or other documents addressed to/received from ADOC Director Charles L. Ryan, ADOC Deputy Director Jeff Hood and Contract Beds Operations Bureau Director Tara Diaz regarding, pertaining to or involving the July 2015 Arizona State Prison Complex-Kingman riots and termination of contract AD9-010-A3." [Doc. 94-2 at 1].
>
> The subpoena to ADC Deputy Director Hood demands production of: "Any and all electronic/written communications/correspondence, investigative reports/ summaries or other documents, photographs, digital images or video addressed/recieved [sic] from any State agency/department employee/representative, private entity/corporation regarding, pertaining to [sic] involving the July 2015 riots at ASPC Kingman and subsequent termination of ADOC correctional services contract AD9-010-A3." [Doc. 94-3 at 1].
>
> The subpoena to Mr. Lauchner demands production of "Any and all electronic/written communications/correspondence, investigative reports/summaries photographs/video/digital images, addressed/received from any State agency/Dept. employee, representative, private entity/corporation/person regarding, pertaining to/involving the July 2015 ASPC-Kingman riots and subsequent termination of ADOC correctional services contract AD9-010-A3." [Doc. 94-4 at 1].

---

[1] Plaintiff also states in his Motion (Doc. 89 at 2) that he is renewing previous request for a temporary restraining order. This renewed request will be referred to the District Judge.

- 3 -

(Doc. 94 at 3-4). Defendants also explain that although Plaintiff filed a document (Doc. 71-4) indicating that he served a subpoena on Governor Ducey, Governor Ducey's office has no record of receiving a subpoena from Plaintiff. (Doc. 94 at 3; Doc. 94-1 at 3). Plaintiff asserts that Defendants do not have standing to move to quash the subpoenas directed to non-parties. (Doc. 110 at 1-2; Doc. 120 at 2). In the interest of judicial economy, the Court does not resolve the issue because grounds exist for sua sponte quashing the subpoenas duces tecum, as explained below. *Elite Lighting v. DMF, Inc.*, Case No. CV 13-1920 JC, 2013 WL 12142840, at *3 (C.D. Cal. May 6, 2013) (explaining that a court may sua sponte quash improperly issued subpoena even where a defendant lacks standing to seek a quashal of the subpoena).

A subpoena issued pursuant to Federal Rule of Civil Procedure 45 is subject to the permissible scope of discovery set forth in Federal Rule of Civil Procedure 26. *See* Advisory Committee's Notes to Fed. R. Civ. P. 45 (1970 Amendments) ("The changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Rule 26(b) provides for a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(2)(C) requires the Court, on motion or on its own, to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from <u>some other source that is more convenient</u>, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

There is no dispute that Defendants have produced the grievance documents that Plaintiff submitted to prison staff during the relevant period. (Doc. 89 at 2; Doc. 118 at 4). The Court finds that the subpoenas duces tecum seek documents unrelated to the exhaustion issue presented in Defendants' Motion for Summary Judgment. The Court further finds that Plaintiff has failed to show that he is unable to adequately respond to Defendants' Motion for Summary Judgment without the documents requested in the

subpoenas duces tecum.[2] In addition, Defendants state that the subpoenas duces tecum "seek information that could instead be obtained from the parties to this lawsuit." (Doc. 94 at 5). *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (granting motion to quash subpoena served on third party, explaining that "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant"). The Court will: (i) deny Plaintiff's Motion to Stay (Doc. 104); (ii) deny Plaintiff's Motion to Compel (Docs. 89, 120);[3] (iii) grant Defendants' Motion to Quash (Doc. 94); and (iv) quash the subpoenas purportedly served on non-parties CO III McNamer, ADOC Division Director Joe Profiri, ADOC Deputy Director Jeff Hood, ADOC Inspector General Greg Lauchner, and Governor Doug Ducey.

### C. Defendants' "Motion to Quash Plaintiff's Subpoenas" (Doc. 108)

On January 15, 2018, Defendants filed a second "Motion to Quash Plaintiff's Subpoenas" (Doc. 108), which seeks to quash Plaintiff's subpoenas duces tecum that are directed to Mohave County Attorney Matt Smith and ADOC "Grievance Appeals Administrator." Defendants assert that the subpoenas "likely seek information that could be obtained from parties in the case, lack relevance to the issues in the case, and seek security-sensitive information that ADC inmates are not permitted to possess." (*Id.* at 4). Plaintiff has not responded to the Motion (Doc. 108). *See* LRCiv 7.2(i). For good cause shown, the Court will grant Defendants' Motion (Doc. 108) and quash the subpoenas purportedly served on Mohave County Attorney Matt Smith and ADOC "Grievance Appeals Administrator."

### D. Plaintiff's "Motion for Extention [sic] of Time" (Doc. 124)

In his January 30, 2018 Motion (Doc. 124), Plaintiff requests that the Court extend the deadline for responding to Defendants' Motion for Summary Judgment. Defendants have not responded to the request. *See* LRCiv 7.2(i). For good cause shown, the Court

---

[2] Plaintiff filed his Response (Doc. 127) on February 22, 2018.

[3] Plaintiff's Reply (Doc. 120) in support of his "Notice and Motion to Compel Production and Request for Order of Protection" (Doc. 89) is docketed as a separate motion.

will grant Plaintiff's Motion (Doc. 124).  Plaintiff's Response (Doc. 127) filed on February 22, 2018 will be deemed timely.

## II. CONCLUSION

**IT IS ORDERED** denying Plaintiff's "Notice and Motion to Compel Answer to First Amended Complaint" (Doc. 101).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Stay Defendants' Motion for Summary Judgment and Request for Court Order" (Doc. 104).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel (Docs. 89, 120).

**IT IS FURTHER ORDERED** referring to the District Judge Plaintiff's renewed request for a temporary restraining order that is set forth in Plaintiff's "Notice and Motion to Compel Production and Renewed Request for Order of Protection" (Doc. 89).

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Quash Plaintiff's Subpoenas" (Doc. 94).  The subpoenas duces tecum purportedly served on non-parties CO III McNamer, ADOC Division Director Joe Profiri, ADOC Deputy Director Jeff Hood, ADOC Inspector General Greg Lauchner, and Governor Doug Ducey are quashed.

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Quash Plaintiff's Subpoenas" (Doc. 108).  The subpoenas duces tecum purportedly served on non-parties Mohave County Attorney Matt Smith and ADOC "Grievance Appeals Administrator" are quashed.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Extention [sic] of Time" (Doc. 124).  Plaintiff's Response (Doc. 127) filed on February 22, 2018 is deemed timely.

Dated this 28th day of February, 2018.

Eileen S. Willett
United States Magistrate Judge